821 F.2d 649
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Amos STATON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 85-5660
 United States Court of Appeals, Sixth Circuit.
 June 23, 1987.
 
 Before ENGEL and BOGGS, Circuit Judges, and HOLSCHUH,* District Judge.
 PER CURIAM.
 
 
 1
 Amos Staton appeals from a decision of the United States District Court for the Eastern District of Kentucky upholding the Secretary's denial of his claim for disability insurance benefits and supplemental security income.
 
 
 2
 Mr. Staton has a full-scale IQ of 69, a verbal IQ of 67, and a performance IQ of 74. In addition, he hurt his back in a fall at work on August 11, 1978 and has not worked since August 23, 1978. Before his injury he did heavy, unskilled labor for thirteen years in a sawmill and one year in a coal mine. Because of the combination of Staton's mental and physical impairments, the ALJ awarded him disability insurance benefits as of August 23, 1978 and supplemental security income as of November 1, 1982, when Staton filed his application.
 
 
 3
 The Appeals Council modified the award and found that Staton was entitled to disability benefits and supplemental security income only as of December 7, 1982. The dispute is over the claimant's entitlement to benefits from August 23, 1978 to December 7, 1982.
 
 
 4
 The district court held that the ALJ erred in relying on evidence that was not properly part of the record. After the district court's decision, our court decided that when the Appeals Council overturns an ALJ's findings of fact, judicial review of the Secretary's final decision focuses on the findings of the Appeals Council, not the ALJ. Mullen v. Bowen, 800 F.2d 535, 545-46 (1986) (en banc). In light of Mullen the Secretary has abandoned the district court's reasoning and instead argues that consideration of all the evidence leads to the conclusion that substantial evidence supports the Appeals Council's decision.
 
 
 5
 The ALJ and the Appeals Council differed on the interpretation of the medical evidence. The Appeals Council credited the testimony of all the physicians who examined Staton. However, the Council disagreed with the ALJ's legal conclusion that the evidence established that Staton was disabled in August 1978.
 
 
 6
 In August 1978, shortly after his accident, Staton was examined by Dr. Paul T. Brizendine. The doctor noted that Staton complained of paresthesia and intermittent pain. Spinal x-rays were normal. Dr. Brizendine saw Staton again in October 1978 for back and leg pain.
 
 
 7
 In July 1979 Staton was examined by Dr. William C. Roland, who observed that while Staton could flex his fingertips to within two inches of the floor and had normal reflexes, there was minor atrophy in his left thigh and diminished sensitivity in his left leg and foot. He also found disc degeneration, and he considered Staton temporarily unable to work. Later that month Dr. Robert P. Goodman conducted an examination. Dr. Goodman also found disc degeneration and observed a 50% range of motion in the lower back, with slightly diminished sensation on the left side, but no motor or reflex change and no measurable atrophy. Dr. Goodman reported that Staton was capable of 'some work' but 'should never lift in excess of 35 pounds.' Finally, Dr. Goodman estimated that after treatment Staton would have about 10% impairment of the body as a whole.
 
 
 8
 In August 1979 Dr. O. M. Patrick examined Staton and found disc degeneration and disc space narrowing, which in his opinion caused 10% disability. In November 1979 Dr. Robert W. Lowe found Staton to be 8% disabled.
 
 
 9
 In April 1981 Staton was examined by Dr. Martin Fritzhand, who noted muscle spasm, particularly on the right side, but saw no muscle weakness, atrophy, sensory loss, or reflex loss. He concluded that Staton's impairment was 'less than severe.'
 
 
 10
 On December 7, 1982 Dr. Joseph H. Rapier, Jr. conducted an examination and reported that Staton 'was significantly limited in his ability to perform basic work activities (e.g., walking, standing, sitting, lifting, pushing, etc.).' Dr. Rapier further reported that Staton 'has had a rather long course of significant back pain' and that Staton attributed his back problems to his accident in 1978.
 
 
 11
 After considering the evidence summarized above, the Appeals Council first noted that Staton 'is mentally retarded, and has been all his life.' The Council also stated that Staton 'has a back impairment characterized by pain, stiffness, muscle weakness, and loss of sensation in his left leg.' Concluding that 'these two impairments are severe,' the Council found Staton to be disabled.
 
 
 12
 However, the Appeals Council found that Staton did not have 'a severe physical impairment . . . prior to December 7, 1982,' when he was examined by Dr. Rapier. Similarly, the Council found that Staton 'had, at most, only a mild impairment following his injury, and that the evidence before Dr. Rapier's examination 'did not confirm a previously existing severe impairment.' As support for this finding the Council cited Dr. Roland's assessment of 10% impairment and Dr. Fritzhand's statement that the impairment was 'less than severe.' Also, the Council stated that Staton's mental condition 'did not prevent [him] from working prior to the date he was injured.'
 
 
 13
 It is undisputed that the regulation governing Staton's entitlement to benefits is section 12.05(C) of the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. Secs. 404.1511(a), 416.920(d), 416.925 (directing finding of disability if criteria of an Appendix 1 impairment are met). Section 12.05(C) provides that a claimant is disabled if he has
 
 
 14
 [a] valid verbal, performance or full scale IQ of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitations of function.
 
 
 15
 (emphasis added). Under the emphasized language, a claimant whose mental impairment satisfies section 12.05(C) does not have to meet the normal standard of a 'severe' physical impairment. The 'severity' standard for physical impairments applies to claimants who do not suffer from a mental impairment. See 20 C.F.R. Sec. 404.1505(a).
 
 
 16
 Although the Council cited the language from section 12.05(C) that is emphasized above, the Council actually applied the 'severity' standard. In awarding Staton benefits after December 7, 1982 the Council stated that his 'impairments are severe,' and in denying benefits before December 7, 1982 the Council stated twice that his physical impairment was not 'severe' until that date. Similarly, the Council supported its finding by citing Dr. Fritzhand's opinion that Staton's physical impairment was 'less than severe.'
 
 
 17
 Furthermore, the Council erred in attaching importance to the fact that Staton's mental impairment did not prevent him from working before he hurt his back. Section 12.05(C) recognizes that a physical impairment that is insignificant to a mentally normal person may be significant to a mentally impaired person. Thus, Staton's ability to work before his injury had no bearing on his entitlement to benefits after the injury.
 
 
 18
 The record as a whole shows that if the Appeals Council had evaluated the evidence under the proper standard, it would have found that Staton's back injury imposed a 'significant work-related limitation of function' from the time of the injury. For example, Staton was told he 'should never lift in excess of 35 pounds.' Three physicians found him to be 8-10% disabled. One physician found him to have only 50% range of motion in his lower back. And two physicians found that he had disc degeneration. These symptoms clearly show that Staton would be significantly limited in performing his previous job of heavy, unskilled labor, which given his mental impairment is probably the only work he was ever able to do.
 
 
 19
 Accordingly, we REVERSE the judgment of the district court and REMAND with instructions to REMAND in turn to the Secretary for an award of benefits as provided in the ALJ's decision of August 24, 1983.
 
 
 
 *
 Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation